MILES G. DOBBINS, plaintiff in error, *vs.* CLARK & COLE, defendants in error.

1. The verdict is neither contrary to the law nor the evidence.
2. Questions not made in the court below will not be considered here.

New trial. Verdict. Practice in the Supreme Court. Before Judge HALL. Spalding Superior Court. February Term, 1877.

This case arose on a rule to distribute money. The facts were, in brief as follows :

In 1872, Grant and Griffin rented land from Dobbins and cultivated it, agreeing to pay five bales of cotton as rent. They stored the cotton raised with Clark & Cole. Some of it was sold, but the balance of eight bales remained so stored. Clark & Cole advanced about $290.00 on it, as was the custom with warehousemen to do ; the receipts specified that the cotton would be delivered to the first order presented after the payment of customary expenses and advances. The advances were made on six of the bales. On February 8, 1873, said cotton was levied on under a distress warrant in favor of Dobbins for the rent of his land. Clark & Cole claimed. By agreement, the cotton was sold by the sheriff, and the proceeds held for distribution. As to whether they had notice of this indebtedness when they made the advances, the evidence was somewhat conflicting, but preponderated on the side of want of knowledge.

The jury found as follows : " We, the jury, find, first, in favor of Clark & Cole the amount of their claim, with interest ; and, second, in favor of Miles G. Dobbins. We find for Clark & Cole, principal and interest, $371.00. We find for Miles G. Dobbins, principal and interest, $480.00."

Plaintiff moved for a new trial, on various grounds. The court sustained the motion, unless claimants should write off from the verdict all over $290.00 ; which they did, and the motion was overruled. Plaintiff thereupon excepted.

SPEER & STEWART, for plaintiff in error.

BECK & BEEKS, for defendants.

WARNER, Chief Justice.

This case came before the court below on the trial of an issue between Dobbins, the landlord, who had rented land to Grant and Griffin, in 1872, to make a crop, and Clark & Cole, warehousemen, as to the priority of their respective liens on the money in the sheriff's hands arising from the sale of certain described cotton by consent of the parties. On the trial of the case, the jury found a verdict in favor of Clark & Cole for the amount of their claim, with interest. Dobbins made a motion for a new trial, on various grounds, which was overruled, and he excepted.

1. The main question in the case, according to the ruling of this court between the same parties, in 52 *Ga. Rep.*, 657, was whether Clark & Cole, as warehousemen, when they made the advances upon the cotton, as set forth in the record, had notice of Dobbins' landlord's lien thereon for the rent of the land on which the cotton was made. The evidence upon that point in the case decidedly, we think, preponderates in favor of Clark & Cole; and, therefore, the verdict was not contrary to law or the evidence.

2. It was insisted here, however, that the verdict was contrary to law, because it appeared on the face of one of the receipts in the record that the sum of $150.00 was advanced "with 2 per cent. per month," and that meant 2 per cent. interest per month, and, therefore, that the lien for the $150.00 was void for usury, under the statute. It does not appear from the record and bill of exceptions that this question was made or decided by the court below, and it was admitted here that it was not; therefore, we will not consider it. If that question had been made at the trial, Clark & Cole might have satisfactorily explained the entry which appears on the face of the receipt.

Let the judgment of the court below be affirmed.